UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| TRAVIS BELLEW, | ) |
| Plaintiff, | ) 2:19-CV-191 |
| vs. | ) |
| SULLIVAN COUNTY, TN, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Defendants, by and through counsel, filed a Motion to Strike [Doc. 14]. Defendants move the Court to strike "out-of-court statements/quotations allegedly made by various individuals" [Doc. 14, pg. 1]. Defendants claim that the out-of-court statements are "clearly prejudicial to Defendants in that they are not mere allegations of fact to establish a cause of action but are testimony evidence with numerous questions as to their admissibility and weight and are introduced with Defendants even having a chance to challenge." [Doc. 14, pg. 5].

**I.    Background**

Plaintiff filed a Complaint in this action on October 28, 2019, alleging an assault of Plaintiff and poor jail conditions which contributed to the assault. Plaintiff has filed a cause of action against Defendants alleging direct involvement in the assault on Plaintiff, deliberate indifference to the alleged conditions of the Sullivan County Jail, and failure to protect Plaintiff and other similarly situated individuals from harm. [Doc. 1, pg. 4]. To support these assertions, Plaintiff included statements from Defendants and other individuals, many of which were made

at a public debate by citizens about the conditions of local jails, including the Sullivan County Jail. Defendants claim that the statements are immaterial or impertinent under Rule 12(f) because they are inadmissible as evidence. Alternatively, Defendants argue that the statements are "clearly prejudicial" and are "introduced without Defendants even having a chance to challenge." [Doc. 14, pg. 5].

In his response, Plaintiff asserts that the statements are not immaterial, as they relate to Plaintiff's civil rights claims and provide background and context to those claims. Plaintiff notes that as discovery is conducted, he may be able to introduce these statements as evidence. At the same time, Plaintiff contends that admissibility of the evidence is not the standard when determining whether to strike but instead whether the statement is related to the controversy.

**II.  Analysis**

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Courts are given considerable discretion in deciding whether to strike portions of pleadings under Rule 12(f). *See Id*. At the same time, striking is generally "disfavored and should be granted only when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp.2d 957, 965-66 (E.D. Tenn. 2009). Courts also generally do not strike portions of the pleadings for being impertinent or scandalous, unless the language is extreme or offensive. *See Garrett v. Shelby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 655 (7th Cir 1992); *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 617-618 (1st Cir. 1988).

Here, there is no allegation that the statements contain extreme or offensive language. Rather, Defendants rely on the Federal Rules of Evidence and the admissibility of the statements to assert that the statements are immaterial. It is too early in the proceedings to determine the admissibility of evidence supporting Plaintiff's allegations. Defendants also assert that the statements are prejudicial; however, Defendants have failed to explain how the statements are unfairly prejudicial. They do not assert that the statements are false or misleading, but instead claim that they have not been given a chance to challenge the evidence. This argument is without merit since Defendants will be able to respond to the allegations in the Complaint via an answer and are able to file any necessary *Motions in Limine* regarding the admissibility of the statements. Additionally, the Court notes that a Complaint is not evidence but merely an outline of a plaintiff's claim. *Jordan v. Comcast Cable Commc'ns Mgmt., LLC*, No. 14-CV-03622, 2015 WL 4164826, at *3 (N.D. Ga. July 9, 2015). *See Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 811 n. 8 (11th Cir. 2012) ("pleadings are only allegations, and allegations are not evidence of the truth of what is alleged.").

The challenged statements in the Complaint at issue are clearly related to the controversy, and as such should not be stricken from the pleadings at this juncture. As the Plaintiff rightfully asserts, he is the master of his complaint, and the statements in the Complaint logically relate to the controversy.

**Conclusion**

It is **RECOMMENDED** for the reasons above that Defendants' Motion to Strike be **DENIED.**[1]

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United

Respectfully Submitted:

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).