UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| TRAVIS BELLEW, | ) |
| | ) |
| Plaintiff, | )   2:19-CV-191 |
| | ) |
| vs. | ) |
| | ) |
| SULLIVAN COUNTY, TN, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Defendant Sabo, by and through counsel, filed a Motion to Strike [Doc. 21]. Defendant Sabo moves the Court to strike the entire Complaint, specifically the last sentence in Paragraph 1 and Paragraphs 37-38 of the Complaint and Exhibits 1-3 [Doc. 1]. Defendant Sabo claims that the content of these sections relate to Defendant Sabo's criminal conviction which is set to be dismissed and expunged in January 2020 upon the completion of his diversion requirements. He also claims that the Exhibits are improperly attached and prejudicial as they are not redacted and contain sensitive identifying information regarding Defendant Sabo. This matter was referred to the undersigned for determination by Judge Varlan on December 5, 2019. [Doc. 23].

**I.    Background**

Defendant Sabo's claims center around criminal charges that were brought against him regarding an assault of the Plaintiff. Defendant Sabo entered a guilty plea regarding these charges

and was placed on judicial diversion.[1] Defendant Sabo admits in his Memorandum of Support that his judicial diversion requirements will not be completed until January 2020. [Doc. 22, pg. 3]. He claims that including information about his criminal charge unilaterally nullifies the expungement. He further claims that if he is required to admit or deny the allegations in the last sentence of Paragraph 1 and those in Paragraphs 36-38 of the Complaint, the expungement will be nullified. [Doc. 22, pg. 3-4].

In his response, Plaintiff asserts that the information regarding Defendant Sabo's criminal charge and guilty plea are accurate and relevant to the matter as it pertains to a specific allegation of assault at issue in this litigation. [Doc. 25, pg. 1]. He argues that as Defendant Sabo has not completed his diversion requirements at this time, the Motion to strike is not yet ripe for review [Doc. 25, pg. 2-3].

**II.     Analysis**

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Courts are given considerable discretion in deciding whether to strike portions of pleadings under Rule 12(f). *See Id*. At the same time, striking is generally "disfavored and should be granted only when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp.2d 957, 965-66 (E.D. Tenn. 2009). Courts also generally do not strike portions of the pleadings for being impertinent or scandalous, unless the language is extreme or offensive. *See Garrett v. Shelby*

---

[1] As of this date, Defendant Sabo has not claimed to have completed his diversion requirements, and no order dismissing the charges against him has been brought to the Court's attention.

*Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 655 (7th Cir 1992); *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 617-618 (1st Cir. 1988).

Plaintiff contends that Defendant's Motion may not yet be ripe for action, but the Court does find it appropriate that the Motion be ruled on at this time. At this juncture, Plaintiff correctly contends that the information regarding Defendant Sabo's criminal charge and guilty plea are accurate and relevant to the issues raised in this litigation, and further correctly notes that Defendant Sabo has not completed his diversion requirements at this time. For that reason, it would be improper to grant Defendant's Motion to Strike. At the same time, nothing prevents Defendant Sabo from later filing a *Motion in Limine* seeking to prevent the jury from learning of the charge brought against him and his guilty plea, should he complete his diversion program and have his record expunged.

### III. Conclusion

It is **RECOMMENDED** that Defendant Sabo's Motion to strike the final sentence in Paragraph 1 and Paragraphs 37-38 of the Complaint [Doc. 21] be **DENIED**. With regard to the request to strike Exhibits 1-3, Plaintiff filed a Motion to Substitute Exhibits [Doc. 26], which the Court granted. Substitute exhibits were then filed under seal to protect the personal identifying information of Defendant Sabo [Doc. 27]. As these exhibits, and the information therein are now

sealed, it is **RECOMMENDED** that Defendant Sabo's Motion to strike Exhibits 1-3 be **DENIED AS MOOT** as well as for the other reasons set forth above.[2]

        Respectfully Submitted:

        /s Cynthia Richardson Wyrick
        United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).