UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TRAVIS BELLEW, on behalf of himself and others similarly situated, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 2:19-CV-191-DCLC-CRW |
| SULLIVAN COUNTY, TENNESSEE, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

Before the Court is Defendant Christopher Sabo's "Motion to Sever Claims" 3 and 4 from the remaining claims in Plaintiff's Complaint (Counts 1, 2, 5, 6, 7, and 8) [Doc. 36]. Plaintiff has filed a response in opposition to the motion [Doc. 43].

### **I.     BACKGROUND**

In an eight-count Complaint, Plaintiff alleges former corrections officer Christopher Sabo ("Sabo") attacked him while Plaintiff was incarcerated at the Sullivan County Jail ("Jail"), and that the Jail conditions contributed to the assault [Doc. 1]. Specifically, the Complaint alleges an act of excessive force by Sabo (Count 1), a failure to protect claim against all Defendants (Count 2), a class-action *Monell*[1] claim against Sullivan County for failure to train and/or supervise (Count 3), a class-action *Monell* claim concerning Jail conditions against Sullivan County (Count 4), and various violations of Tennessee law (Counts 5-8) [*Id*. at 20-33].

In the instant motion, Sabo contends that Claims 3 and 4 of the Complaint, brought as a

---

[1] In a *Monell* claim, a plaintiff seeks to hold a municipality responsible for an alleged constitutional violation that was directly caused by some municipal policy or custom. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690-92 (1978).

class action against Sullivan County, are unrelated to the remaining claims stemming from the alleged act of excessive force by Sabo, and therefore, they should be severed [Doc. 36]. He maintains that these claims are grounded in different rights asserted on behalf of different Plaintiffs, that they are based on different facts and require application of those different facts to different law, and that failure to sever will prejudice Sabo, who has nothing to do with funding or managing the Jail [*Id.*]. Alleging that all of the claims are interrelated, Plaintiff opposes the motion [Doc. 43].

**II.    APPLICABLE LAW**

Resolution of Sabo's motion turns on a determination of whether Plaintiff's claims meet the requirements for joinder under Rule 20 of the Federal Rules of Civil Procedure, or whether they are so unrelated as to require severance under Rule 21. *Compare* Fed. R. Civ. P. 20 *with* Fed. R. Civ. P. 21.

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 21 of the Federal Rules of Civil Procedure allows a court to sever "any claim against a party" upon consideration of a number of factors, including:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for separate claims.

2

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citation omitted). Because the language of Rule 21 is permissive, courts have "broad discretion in determining" whether a claim should be severed. *Id.* (citation omitted).

## III. ANALYSIS

The Sixth Circuit has held that the term "transaction" in Rule 20(a) depends less on the immediateness of the connection between a series of occurrences than the "logical relationship" between them. *See Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969) (citing *Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610 (1926)). Plaintiff's Complaint alleges, in part:

> Officer Sabo's conduct, though criminal and deplorable in its own right, was largely the product of the violent culture created by decrepit Jail conditions — including severe overcrowding and understaffing, untrained officers, the absence of any inmate classification system to separate violent inmates from non-violent inmates, and a poorly-designed and unsafe Jail — which combine to cause corrections officers to unreasonably react violently to inmates, even when presented with no real threat.

[Doc. 1, ¶ 2]. The Court finds that Plaintiff's *Monell* allegations are significantly related to his allegations against Sabo, as Plaintiff alleges that the alleged assault would not have occurred but for the Jail's conditions and culture, which includes its failure to adequately train and/or supervise its officers [*Id.* at ¶¶ 6, 108, 112, 115]. Witnesses and documentary proof on Sabo's conduct will overlap with proof as to the remaining claims, and the claims are logically and factually related. The Court additionally finds that because of the related nature of the claims, severance would not foster judicial economy or avert significant prejudice to Sabo. Accordingly, the Court finds that the relevant factors weigh in favor of denying Defendant Sabo's motion.

## IV. CONCLUSION

For the reasons set forth above, Defendant Sabo's motion [Doc. 36] is **DENIED**.

3

**SO ORDERED.**

**ENTER:**

                                                      s/Clifton L. Corker
                                                    United States District Judge